## The Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Nancy Tate.

1. NEGLIGENCE—*Abutting Owner Has a Right to Presume that a Railroad Will Not be Guilty of.*—An owner of property has a right to presume that a railroad company will not be guilty of negligence, and has the right to use his property in the ordinary and usual way, and so long as he does so, will not be deemed guilty of contributory negligence.

2. SAME—*Owner of Property Abutting on a Railroad May Use it the Same as if the Railroad Were Not There.*—It shall not in any case be considered as negligence on the part of the owner or occupant of property injured, that he has used the same in the manner or permitted the same to be used or remain in the condition it would have been used or remained, had no railroad passed near the property injured.

3. BURDEN OF PROOF—*Fact that Railroad Caused Fire, Proves a Prima Facie Case Against it.*—The fact that a locomotive engine caused the fire, proves a *prima facie* case of negligence against the railroad, and the burden of proof by the terms of the statute was upon it to show that the fire was not occasioned by its negligence.

· **Trespass on the Case.**—Fire caused by locomotive engine. Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

GEORGE F. MCNULTY and NEAL & WILEY, attorneys for appellant.

JAMES W. and EDWARD C. CRAIG, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant was sued by appellee for damages in consequence of the burning of her barn, caused, as she alleged,

by the negligence of the appellant. The trial by jury ended in a verdict against appellant for $450; special questions were also submitted to the jury and answered. After having overruled appellant's motion for a new trial, the court gave judgment upon the verdict, to reverse which this appeal is prosecuted; and to accomplish such reversal, appellant argues that both the general and special verdicts are against the evidence of the case, the court rejected proper evidence for appellant, refused proper instructions, and the prejudicial effect of certain remarks of appellee's counsel.

The first count of the declaration, the only one the evidence tended to prove, in effect charged that while a locomotive engine passed along the track south of the lot upon which the barn stood, in the city of Mattoon, sparks of fire were thrown and escaped from the engine upon and into the barn, by reason of the negligence of the appellant, in consequence of which the loss occurred. Two of the witnesses testified they saw sparks emitted from the engine, that entered an open window of the hay mow in the upper part of the barn, and there ignite the hay. Other witnesses testified that the engine emitted sparks while passing the barn, and the circumstances proved on the trial tended strongly to prove the fire was caused by sparks from appellant's engine. The jury was then clearly warranted in finding, as they did, that appellant's engine caused the fire. According to the provisions of the statute, and the numerous decisions upon it, the fact that appellant so caused the fire proved a *prima facie* case against it, and thereafter the burden of proof was upon it to show the fire was not occasioned by its negligence. To do this, evidence was offered tending to show that the engine at this time was equipped with the best and most approved spark arrester in general use; that it was operated by a careful and competent engineer and fireman; that the appliance was in good order and repair, and that the engine was handled in a careful and prudent manner.

The facts that the engine was equipped with the best

and most approved spark arrester in general use, and that it was operated by a careful and competent engineer and fireman, were settled by the special verdicts in appellant's favor. By their special verdict, however, the jury found that the appliance was not in good order and repair, and the engine was not handled in a careful and prudent manner, and it is these latter findings that appellant insists are against the clear weight of the evidence.

The evidence shows that the spark arrester had been used for at least nearly a year; it was frequently inspected, and the evidence of the last inspection was that it took place October 24th, the fire occurring October 30th. The engine was used for switching purposes, and was almost constantly operated. The wind was blowing strongly from south to north, in the direction of the barn, the time of the fire. The testimony concerning the last inspection of the spark arrester indicated it was done in the night time, by the light of a torch. It was also proved that the efficient life of an arrester was from six months to a year, depending upon the use of the engine; that the first defects apparent from constant use, would be a thinning of the wires forming the meshes, which would cause them to yield or bend, thus increasing the size of some of the meshes. In the case of an arrester of the age of this one, where the condition testified is liable to be produced by use and age, it was a fair question, under the evidence, for the jury to say whether it was in good order, and whether it was reasonable care to omit an inspection for six days, while the engine was being used; and also considering the weather, the nature of the wind, whether it was then operated in a careful manner. Upon the whole evidence, and the inferences natural to be drawn from it, we are unprepared to say that the jury were not warranted in finding their special verdict as they did; and we are unwilling to disturb their finding on the ground it is not supported by the evidence.

It is complained that the trial court erred in its refusal to permit appellant to prove that plaintiff had allowed hay and other material to accumulate near her barn, and close

to the track of appellant. Had this evidence been admitted it would only have proved the usual and ordinary condition of the surroundings of a livery stable, such as the barn was. The statute on this subject provides that it shall not in any case be considered as negligence on the part of the owner or occupant of the property injured, that he has used the same in the manner, or permitted the same to be used or remain in the condition it would have been used or remained, had no railroad passed near the property injured. Without wholly ignoring the letter and spirit of this statute, it could not be said that an adjacent landowner to the track of a railroad is bound to keep his premises free from combustible material, to avoid a fire negligently set out by locomotive engines. The owner has a right to presume the railroad company will not be guilty of negligence, and has the right to use his property in the ordinary and usual way, and so long as he does so, will not be deemed guilty of contributory negligence. C., C., C. & St. L. R. R. Co. v. Stephens, 173 Ill. 431; American Strawboard Co. v. R. R. Co., 177 Ill. 522. Even if such evidence was admissible, the clear weight of the evidence is that the fire was not ignited upon the ground but in the hay mow.

We have examined the fifteenth, sixteenth and seventeenth instructions, the refusal of which by the court is complained of, as constituting prejudicial error. Upon examination of the instructions given by the court we find them numerous, covering all the material points of appellant's defense, and all that was proper in the refused instructions is contained in those given by the court at its request. Appellant has no just ground of complaint in this respect.

We can not see, or imagine, that the remark of appellee's counsel, in his argument to the jury, with reference to appellant's omission to bring before the jury the spark arrester of the engine, could have prejudiced appellant's defense in any way.

Finding no error in the record and proceedings of the Circuit Court, its judgment will be affirmed.